Richard A. Sadlock, Esquire
FREEBURN & HAMILTON, PC
ID No. 47281
2040 Linglestown Road, Ste. 300
Harrisburg PA  17110
(717) 671-1955
rsadlock@freeburnlaw.com                          Attorney for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW M. WELCH<br>272 Hibernia Road<br>Coatesville  PA  19320 | : CIVIL ACTION LAW<br>:<br>: NO.: |
| Plaintiff | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NANCY V. PREYER<br>653 McDonough Street, Apt. 2B<br>Brooklyn  NY  11233 | : |
| | : |
| CHARLIE PREYER<br>653 McDonough Street, Apt. 2B<br>Brooklyn  NY  11233 | : |
| | : |
| BENJAMIN F. HICKS<br>6606 S. Frankwood<br>Reedley  CA  93722 | : |
| | : |
| FRESHKO TRANSPORT, INC.<br>945 Randy Avenue<br>Fowler  CA  93625 | : |
| | : |
| H. GILL TRUCKING, INC.<br>5542 W. Magill Avenue<br>Fresno  CA  93722 | : |
| | : |
| RENTVAL, LLC<br>5542 W. Magill Avenue<br>Fresno  CA  93722 | : |

HURRICANE EXPRESS, INC.                    :
6737 N. Milburn Avenue, Ste. 160           :
Fresno  CA  93722                          :
                                           :
HURRICANE EXPRESS, INC.                    :
5624 Highway 412                           :
Colcord  OK  74338                         :
                                           :
HURRICANE EXPRESS, INC.                    :
1826 N. Hollandsylvania                    :
Toledo  OH  43615                          :
                                           :
HURRICANE EXPRESS, LLC                     :
N5308 County Road D                        :
New London  WI  54961                      :
                                           :
HURRICANE EXPRESS, LLC                     :
1141 Hidden Brook Lane                     :
Clover  SC  29710                          :
                                           :
J GILLIAM, INC.                            :
202 Lewis Road                             :
Portsmouth  VA  23701                      :
                                           :
SKYLINE LOGISTICS, INC.                    :
4757 W. Spruce Avenue, #105                :
Fresno  CA  93722                          :
              Defendants                   :

## PLAINTIFF'S COMPLAINT

### PARTIES

1.    Plaintiff, Andrew M. Welch, is an adult individual who resides at 272 Hibernia Road, Coatesville, Chester County, Pennsylvania 19320.

2.    Defendant, Nancy V. Preyer, is an adult individual who resides at 653 McDonough Street, Apt. 2B, Brooklyn, New York 11233.

3.     Defendant, Charlie Preyer, is an adult individual who resides at 653 McDonough Street, Apt. 2B, Brooklyn, New York 11233.

4.     Defendant, Benjamin F. Hicks, is an adult individual who resides at 6606 S. Frankwood, Reedley, California 93722

5.     Defendant, Freshko Transport, Inc., is a California corporation with an address at 945 Randy Avenue, Fowler, California 93625.

6.     Defendant, H. Gill Trucking, Inc., is a California corporation with an address at 5542 W. Magill Avenue, Fresno, California 93722.

7.     Defendant, Rentval, LLC, is a California limited liability corporation with an address at 5542 W. Magill Avenue, Fresno, California 93722.

8.     Defendant, Hurricane Express, Inc. (of Fresno), is a California corporation with an address at 6737 N. Milburn Avenue, Ste. 160, Fresno, California 93722.

9.     Defendant, Hurricane Express, Inc. (of Colcord), is an Oklahoma corporation with an address at 5624 Highway 412, Colcord, Oklahoma 74338.

10.    Defendant Hurricane Express, Inc. (of Toledo), is an Ohio corporation with an address at 1826 N. Hollandsylvania, Toledo, Ohio 43615.

11.    Defendant, Hurricane Express, LLC (of New London), is a Wisconsin limited liability corporation with an address at 5308 County Road D, New London, Wisconsin 54961.

3

12.     Defendant, Hurricane Express, LLC (of Clover), is a South Carolina limited liability corporation with an address at 1141 Hidden Brook Lane, Clover, South Carolina 29710.

13.     Defendant, J Gilliam, Inc., is a Virginia corporation with an address at 202 Lewis Road, Portsmouth, Virginia 23701.

14.     Defendant, Skyline Logistics, Inc., is a California corporation with an address at 4757 W. Spruce Avenue, #105, Fresno, California 93722.

15.     This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

**FACTUAL ALLEGATIONS**

16.     The facts and occurrences hereinafter related took place on or about August 21, 2016, at approximately 3:00 p.m., on I-78 westbound, Allentown City, Lehigh County, Pennsylvania.

17.     At that time and place, Defendant, Nancy V. Preyer, was operating a 2006 Chrysler 300, owned by Defendant, Charlie Preyer, in the left lane of I-78 westbound.

18.     At that time and place, Defendant, Nancy V. Preyer, lost control of the vehicle, struck the center, concrete median barrier, spun across the roadway and came to rest in the middle lane of I-78 westbound.

19.     At that time and place, Plaintiff, Andrew M. Welch, was a passenger in a vehicle being operated by Ronald Irvin, Jr. that was also

4

traveling westbound on I-78. The Irvin vehicle was traveling behind the vehicle being operated by Defendant, Nancy V. Preyer.

20.   At or about that time and place, the Irvin vehicle and five (5) other vehicles were able to stop their vehicles on I-78 westbound prior to and as a result of the Preyer vehicle losing control and coming to a stop in the middle lane of I-78 westbound.

21.   At or about that time and place, Defendant, Benjamin F. Hicks, was operating a 2010 Freightliner tractor pulling a trailer in a westbound direction on I-78 and was approaching the seven (7) stopped vehicles in front of him.

22.   At or about that time and place, Defendant Hicks was in the course and scope of his employment with Defendants, Freshko Transport, Inc., H. Gill Trucking, Inc., Rentval, LLC, Hurricane Express, Inc. (of Fresno), Hurricane Express, Inc. (of Colcord), Hurricane Express, Inc. (of Toledo), Hurricane Express, LLC (of New London), Hurricane Express, LLC (of Clover), J Gilliam, Inc., and Skyline Logistics, Inc.

23.   At or about that time and place, the aforementioned tractor and trailer being operated by Defendant Hicks was owned, leased, managed, rented, controlled, etc. by Defendants, Freshko Transport, Inc., H. Gill Trucking, Inc., Rentval, LLC, Hurricane Express, Inc. (of Fresno), Hurricane Express, Inc. (of Colcord), Hurricane Express, Inc. (of Toledo), Hurricane Express, LLC (of New

5

London), Hurricane Express, LLC (of Clover), J Gilliam, Inc., and Skyline Logistics, Inc.

24. At or about that time and place, Defendant Hicks, suddenly and without warning and at a high rate of speed, crashed into the aforementioned seven (7) stopped vehicles on I-78 westbound causing a violent collision to occur.

25. By reason of the aforesaid collision, Plaintiff suffered painful and severe injuries to his nerves, bones and soft tissues which include, but are not limited to, a comminuted, displaced fracture of his right humeral shaft requiring surgical repair.

26. By reason of the aforesaid collision and injuries, Plaintiff suffered a heightened possibility that he will suffer other or additional injuries in the future, and claim is made therefore.

27. The aforesaid collision and injuries suffered by Plaintiff may have aggravated or been aggravated by an existing infirmity, condition or disease, resulting in a prolongation or worsening of the injuries and an enhanced risk of future harm to Plaintiff and claim is made therefore.

28. By reason of the aforesaid collision and injuries, Plaintiff has been forced to incur liability for reasonable and necessary medical tests, medical examinations, medical treatment, medications, hospitalizations and similar expenses in an effort to diagnose and treat his injuries and to restore him to health, and claim is made therefore.

29.   Plaintiff has not fully recovered from his injuries and it is reasonably likely that he will incur similar expenses in the future, and claim is made therefore.

30.   By reason of the aforesaid collision and injuries, Plaintiff may have suffered a loss of earnings and earning capacity as of the time of trial and would be entitled to recover the value of the time, earnings and employment benefits he has lost and which he might reasonably have earned in the pursuit of his ordinary calling, and claim is made therefore.

31.   By reason of the aforesaid collision and injuries, Plaintiff has suffered a loss or impairment of future earning capacity, and claim is made therefore.

32.   By reason of the aforesaid collision and injuries, Plaintiff has undergone and in the future will undergo great physical and mental pain and suffering, great inconvenience in carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made therefore.

33.   By reason of the aforesaid collision and injuries, Plaintiff has been subjected to severe humiliation, embarrassment, shame, worry and anger, and claim is made therefore.

34.   By reason of the aforesaid collision and injuries, Plaintiff has been subjected to severe mental anguish, emotional distress, nervous shock, fright and horror, and claim is made therefore.

35.    By reason of the aforesaid collision and injuries, Plaintiff will continue to endure great mental anguish, emotional distress, humiliation, embarrassment, shame, worry and anger in the future, and claim is made therefore.

36.    By reason of the aforesaid collision and injuries, Plaintiff has been and in the future will be deprived his enjoyment of the pleasures of life, and claim is made therefore.

37.    By reason of the aforesaid collision and injuries, Plaintiff continues to be plagued by persistent pain and physical, mental and emotional problems and limitations and, therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefore.

38.    By reason of the aforesaid collision and injuries, Plaintiff has incurred incidental costs and expenses, the exact amount of which cannot be ascertained at this time, and claim is made therefore.

39.    As a result of the aforesaid injury, Plaintiff has sustained scars and disfigurement which will result in permanent disfigurement, and claim is made therefore.

## COUNT I

### Andrew M. Welch v. Nancy V. Preyer

40.    Paragraphs 1-39 are incorporated herein by reference thereto.

8

41.    The foregoing accident and all of the injuries and damages set forth hereinafter suffered by Plaintiff, Andrew M. Welch, are the direct and proximate result of the negligent and careless manner in which Defendant, Nancy V. Preyer, operated her vehicle as set forth above and as follows:

   a.    In operating her vehicle at an excessive rate of speed;

   b.    In failing to have her vehicle under proper and adequate control;

   c.    In failing to apply her brakes in sufficient time to avoid losing control of her vehicle;

   d.    In negligently applying her brakes;

   e.    In negligently steering her vehicle;

   f.    In failing to drive at a speed and in the manner that would allow Defendant to maintain control over her vehicle;

   g.    In failing to keep her vehicle within the proper lane;

   h.    In permitting or allowing the vehicle she was operating to leave her travel portion of the highway and to collide with the center median;

   i.    In failing to exercise the high degree of care required of a motorist when driving upon an interstate highway;

   j.    In failing to keep a reasonable lookout for other vehicles lawfully on the roadway;

   k.    In failing to take reasonable evasive action to avoid the accident;

   l.    In failing to drive her vehicle with due regard for the road and traffic conditions which were existing and of which she was or should have been aware; and

   m.    In failing to keep her vehicle within the proper lane of travel.

42. Defendant's conduct, as set forth above, was in violation of the Pennsylvania Motor Vehicle Code, including 75 Pa.C.S.A. §3361, which is intended to protect persons lawfully on the highway such as Plaintiff, Andrew M. Welch, from personal injury, and thus constitutes negligence per se.

## COUNT II

### Andrew M. Welch v. Charlie Preyer

43. Paragraphs 1-42 are incorporated herein by reference thereto.

44. The foregoing accident and all of the injuries and damages set forth hereinafter sustained by Plaintiff, Andrew M. Welch, are the direct and proximate result of the negligent and careless conduct of Defendant, Charlie Preyer, as set forth above and as follows:

    a. In failing to adequately instruct Defendant, Nancy V. Preyer, in the safe operation of his vehicle;

    b. In failing to ascertain that Defendant, Nancy V. Preyer, lacked the ability to safely operate his vehicle under the circumstances of this collision;

    c. In failing to properly supervise Defendant, Nancy V. Preyer, in the operation of his vehicle; and

    d. In failing to properly instruct Defendant, Nancy V. Preyer in the operation of his vehicle.

45.    Defendant's conduct, as set forth above, was in violation of the Pennsylvania Motor Vehicle Code, which is intended to protect persons lawfully on the highway such as Plaintiff from personal injury, and thus constitutes negligence per se.

## COUNT III

### Andrew M. Welch v. Benjamin F. Hicks

46.    Paragraphs 1-45 are incorporated herein by reference thereto.

47.    The foregoing collision and all of the injuries and damages set forth hereinafter sustained by Plaintiff, Andrew M. Welch, are the direct and proximate result of the negligent and careless manner in which Defendant, Benjamin F. Hicks, operated a vehicle as set forth above and as follows:

  a. In failing to have his vehicle under proper and adequate control;

  b. In changing lanes when it was not safe to do so;

  c. In failing to observe the position of the vehicle in which Plaintiff was a passenger, on the highway when he failed to slow and stop his vehicle prior to causing a violent collision;

  d. In failing to continuously observe the position on the highway of the vehicle in which Plaintiff was a passenger;

  e. In negligently operating his vehicle;

  f. In failing to yield the right-of-way to other vehicles, including the automobile in which Plaintiff was a passenger;

  g. In failing to exercise the high degree of care required of a truck tractor driver;

h.   In driving at an excessive rate of speed;

i.   In failing to keep a reasonable look-out for other vehicles on the highway;

j.   In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

k.   In failing to maintain adequate space between his truck tractor and the automobile in which Plaintiff was a passenger;

l.   In failing to manage his speed and visibility of vehicles near him;

m.   In failing to perceive and anticipate hazards; and

n.   In driving while fatigued.

48.   Defendant's conduct, as set forth above, was in violation of federal laws and regulations and the Pennsylvania Motor Vehicle Code, which are intended to protect other persons on the highway such as Plaintiff, Andrew M. Welch, and thus constitutes negligence per se.

**COUNT IV**

**Andrew M. Welch v. Freshko Transport, Inc.;**
**H. Gill Trucking, Inc.; Rentval, LLC; Hurricane Express, Inc. (of Fresno);**
**Hurricane Express, Inc. (of Colcord); Hurricane Express, Inc. (of Toledo);**
**Hurricane Express, LLC (of New London); Hurricane Express, LLC (of**
**Clover); J Gilliam, Inc.; and Skyline Logistics, Inc.**

49.   Paragraphs 1-48 are incorporated herein by reference thereto.

50.   The foregoing collision and all of the injuries and damages set forth herein are the direct and proximate result of the negligence and carelessness of

12

Defendants, Freshko Transport, Inc., H. Gill Trucking, Inc., Rentval, LLC, Hurricane Express, Inc. (of Fresno), Hurricane Express, Inc. (of Colcord), Hurricane Express, Inc. (of Toledo), Hurricane Express, LLC (of New London), Hurricane Express, LLC (of Clover), J Gilliam, Inc., and Skyline Logistics, Inc., as set forth above and as follows:

    a.    In failing to adequately train, supervise, educate and manage its employees, agents, ostensible agents and representatives including but not limited to Defendant, Benjamin F. Hicks;

    b.    In negligently hiring or retaining its employee(s), agent(s), ostensible agent(s) and/or representative(s);

    c.    In failing to adequately instruct Defendant, Benjamin F. Hicks, in the safe operation of its vehicle;

    d.    In failing to ascertain that Defendant, Benjamin F. Hicks, lacked the ability to safely operate its vehicle under the circumstances of this collision;

    e.    In failing to properly supervise Defendant, Benjamin F. Hicks, in the operation of its vehicle; and

    f.    In failing to properly instruct its employees, including Defendant, Benjamin F. Hicks.

51.    Defendants, Freshko Transport, Inc., H. Gill Trucking, Inc., Rentval, LLC, Hurricane Express, Inc. (of Fresno), Hurricane Express, Inc. (of Colcord), Hurricane Express, Inc. (of Toledo), Hurricane Express, LLC (of New London), Hurricane Express, LLC (of Clover), J Gilliam, Inc., and Skyline Logistics, Inc.'s conduct, as set forth above, was in violation of the Pennsylvania Motor Vehicle Code, and State and Federal laws and regulations,

13

which are intended to protect persons lawfully on the highway such as Plaintiff, Andrew M. Welch from personal injury, and thus constitutes negligence per se.

WHEREFORE, Plaintiff, Andrew M. Welch, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, Nancy V. Preyer, Charlie Preyer, Freshko Transport, Inc., H. Gill Trucking, Inc., Rentval, LLC, Hurricane Express, Inc. (of Fresno), Hurricane Express, Inc. (of Colcord), Hurricane Express, Inc. (of Toledo), Hurricane Express, LLC (of New London), Hurricane Express, LLC (of Clover), J Gilliam, Inc., and Skyline Logistics, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND & 00/100 DOLLARS ($75,000.00) plus interest, delay damages and costs.

Respectfully Submitted,

**FREEBURN & HAMILTON, PC**

By: _____
Richard A. Sadlock, Esquire
I.D. No. 47281
2040 Linglestown Road, Suite 300
Harrisburg, PA   17110
(717) 671-1955

Date:  04/30/18                    Counsel for Plaintiff

14

## <u>VERIFICATION</u>

I hereby verify that the statements in the foregoing document are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Dated: 3/19/2018

Andrew M. Welch